Parker, C. J.,
delivered the opinion of the Court. The first question in this case is, whether the action is rightly brought against the town ; it having been contended that a town, as such, cannot contract parochially, but that every contract made with a town is, Mrtual), made with it in its parochial capacity, in which alone it can be bound for any ecclesiastical purposes.
* But the objection is founded upon mistaken principles. By the constitution, and by the statutes of the *275 government, towns are authorized to choose and contract with their ministers; and by the latter they are required, as well as parishes and other religious societies, to be provided with a minister. They are also authorized to assess taxes, for the building and repairing of meeting-houses, and for the support of the ministry. Until a parish is created within a town, the town itself has all parish privileges, and is liable to parish duties. It may be doubted whether they can be legally sued as a parish until, by means of the incorporation of a parish within its boundaries, the residue of the town becomes a parish, as is provided by law. But it is at least as proper to sue them by their municipal as their parochial name when the contract is made with them in their former capacity, (a)
In the case before us, the contract was made between the plaintiff and the town of Camden, and he was settled as a minister over the town. It does not appear that any part of the town has been incorporated into a distinct parish, or that any poll parish has been created within the town; so that the relation between the parties stands as it did when the contract was made.
As to the inconvenience of making the property of inhabitants w-ho may belong to a different sect or denomination liable upon the execution, this results from their civil and municipal relations, and such persons will have a remedy by action against the town, if they are prejudiced.
On the next point, viz., that the plaintiff was dismissed according to the original contract, so that his ministerial connection was dissolved before the term commenced for which he claims his salary in the present action, — this must depend upon a true construction of the contract under which he W'as settled.
The original agreement was that, if the town and the plaintiff, or either of them, should be dissatisfied, they should each have the right, by giving six months’ notice, to #call a council, whose duty it should be, at the request of either party, to dissolve the connection between the town and their min ister, unless such dissatisfaction could be mutually accommodated. The town, accordingly, on the 4th of May, 1814, chose a committee to dissolve the contract, and that committee notified the plaintiff that the connection would be dissolved, and his salary cease, in six months from that time.
It is now insisted that the ministerial relation of the plaintiff to the town did terminate at the end of six months from the notice so given, notwithstanding there was no decision of a council on the *276 subject of his dismission until August, 1816; for it is said that the calling of a council was merely formal, that body having, according to the original terms of settlement, no right to deliberate, but being required to dismiss on the application of either party.
But this construction cannot be reasonably given to the contract. If such were the true construction, the calling of a council would be altogether idle, if not affrontive to the persons of whom it should be composed. Indeed it appears, by the terms of the original agreement, that one of the offices of the council was intended to be a reconciliation of such differences as might be found to exist. It must also be supposed that they would advise as to the terms on which a separation might usefully and honorably take place; for it cannot be thought that the parties intended, if the application for a separation should be found to be wholly unreasonable on the part of the town, that the connection was to be dissolved without some indemnity to the minister for the inconvenience and the loss of prospects he might suffer.
Another subject of deliberation for the council undoubtedly was the conduct of both minister and town in their pastoral relation; for the future comfort and respectability of both might be much affected by the result which might be arrived at, — with respect to the faithful performance of * duty, and good moral character, of the one, and the kindness and honorable demeanor of the other.
For these reasons, we think that the convention of a regular council, to pass upon the question of dismission, was essential to the dissolution of the contract; and that it was so contemplated by the parties when they entered into it.
But it has been urged, because the plaintiff did not join in the calling of a mutual council when requested, and, when an ex parte council called by the town was convened, he objected to their proceeding upon the allegation that, so assembled, they were not authorized, according to the usage of the country, to act and decide, that the plaintiff ought not to claim any salary after the wishes of the town had been explicitly stated to him.
But it does not appear that the plaintiff was wrong, or acted inuriously to the town, in this respect. He was not obliged to join in calling a mutual council; indeed, the doing so might have been construed into a desire on his part that the relation should be dissolved ; and thus he might have impaired his claim to a reasonable allowance for the great change of circumstances that awaited him. By this, the defendants were not injured, nor need they have been delayed; for they had a right, by the usage on these subjects, which is the law of the land, to call an ex parte council, if there was a *277 refusal or an unreasonable delay to join. The various ineffectual attempts which were made to convene a council were the misfortune of the defendants, not imputable to the plaintiff, (a)
Holding, then, as we do, that, according to the letter and spirit of the contract, the minisi erial connection of the plaintiff with the town continued until the decision of a council regularly convened was had, and there having been no such decision until the 25th of August, 1816, to which time only the plaintiff claims his salary, we see no objection to the verdict, and judgment must be rendered accordingly.

 Dillingham vs. Snow & Al. 5 Mass. Rep. 547. - Jewell vs. Burrows, post, 464 — Humphrey vs. Whitney, 3 Pick. 158.

 Vide Avery vs. Tyringham, 3 Mass. Rep. 160.— Chaddock vs. Briggs, 13 Mass. Rep. 248. — Burr vs. Sandwich, 9 Mass. Rep. 277, and note to next case.— Thomson vs. Cath, Cong. Soc. Rehoboth, 5 Pick. 469. — 7 Pick. 170.